UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COMPANION PROPERTY AND
CASUALTY INSURANCE COMPANY
on behalf of its insureds, KWA, INC. and
JAROMIR GRZEJDZIAK                                                                    PLAINTIFFS

v.                                                                                   3:12-CV-00593-CRS

KENNETH J. BODEN, as Executor of
the ESTATE OF JUDITH BODEN, ET AL.                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on two motions. First, a motion for a restraining order and service of process authorized by 28 U.S.C. § 2361, filed by Companion Property and Casualty Insurance Company ("Companion") and on behalf of its insureds, KWA Inc. ("KWA") and Jaromir Grzejdziak (DN 4). Second, a motion to dismiss the insureds, KWA and Grzejdziak, as interpleading plaintiffs, or in the alternative, to grant the Defendants' leave to assert counterclaims against the insureds, filed by the Defendants—the claimants for Companion's liability insurance proceeds (DN 13).

The court will deny Companion's motion for a restraining order and service of process, and will grant Defendants' motion to dismiss the insureds, KWA and Grzejdziak, as interpleading plaintiffs for the reasons stated herein.

### PROCEDURAL HISTORY

Companion filed its Complaint for Statutory Interpleader "on behalf of its insureds," KWA and Grzejdziak, (DN 1) concurrently with its motion for a restraining order and service of

process—also filed on behalf of its insureds (DN 4), and with its motion for an order directing payment of policy proceeds for deposit in the court registry (DN 5).

Defendants—the individual claimants, related persons and entities involved in a car accident with Companion's insureds—filed a motion to dismiss Companion's insureds as plaintiffs, or in the alternative, for leave to assert counterclaims against them (DNs 1 and 13).

The court granted Companion's motion for payment of proceeds into the court's registry under Statutory Interpleader, 28 U.S.C. § 1335 (DNs 1 and 5-2).[1] Therefore, the court need only address two issues, (1) whether Companion's motion for a restraining order and service of process is proper under 28 U.S.C. § 2361 (DNs 1 and 4); and (2) whether the Defendants' motion to dismiss the insureds, KWA and Grzejdziak, as plaintiffs, or to allow the Defendants' to bring claims against them, is appropriate (DN 13).

## BACKGROUND

It is undisputed that this action arose from a multi-vehicle accident which occurred on May 13, 2012 when Jaromir Grzejdziak drove KWA's semi truck ("KWA truck"), which was owned by his employer KWA and insured by Companion (DN 1). The KWA truck crossed the median separating I-65's northbound and southbound lanes in Hart County, Kentucky (DN 12). When the KWA truck left the southbound lane and entered the northbound lane of I-65 it collided with a sports utility vehicle operated by Judith Boden (DN 5). This collision lead to a multi-vehicle accident with the two vehicles behind Boden's: (1) a pick-up truck operated by

---

[1] Pursuant to Statutory Interpleader, 28 U.S.C. § 1335, this court has original jurisdiction (1) when an insurance policy is valued at $500.00 or more, (2) when "minimal diversity" exists between two or more adverse claimants who are claiming or may claim to be entitled to such benefits "without regard to the circumstances that other rival claimants may be co-citizens," *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 541 (1967); and (3) when the plaintiff has deposited the amount due under its obligation into the registry of the court. Here, Companion meets the requirements for Statutory Interpleader under 28 U.S.C. § 1335 (DN 4-1).

Michelle Huckleby, and (2) another semi-truck, owned by USA Truck, Inc. and operated by its employee, Eric Davis (DN 12).

The Defendants in this case are the claimants against KWA's liability insurance policy with Companion—the vehicle occupants who were injured or killed in the collision, their representatives, and their insurance companies, (collectively, "Defendants") (DN 12).[2] The named Defendants each experienced personal or fatal injury, property damage, or have a claim for subrogation against Companion (DN 4-1).

# I

Regarding Companion's Complaint for Statutory Interpleader, Companion contends that it is unable to determine the fair and equitable allocation of the insurance policy proceeds between the Defendants (DN 1). Companion also contends that it can neither determine the persons to whom the proceeds should be paid, nor the amounts that should be paid because of the number and extent of the Defendants' claims (DN 1). Thus, Companion argues that Statutory Interpleader, 28 U.S.C. § 1335, is appropriate because multiple Defendants have asserted, or may assert, claims against its insureds—KWA and Grzejdziak—and the insureds have requested that Companion settle the claims out of their $1,000,000.00 insurance policy (DN 1). In sum, Companion argues that interpleader is appropriate because (1) the statutory requirements are met; (2) Companion does not know which of the Defendants, if any, it may pay claims to under its insureds' insurance policy; and (3) that the $1,000,000.00 insurance funds may not suffice to settle the Defendants' claims (DN 1).

---

[2] The Defendants are Kenneth Boden; Douglas and Michelle Huckleby—individually and as mother, father, and next friends of their minor children C.H., J.H., and K.H.; Eric Davis; USA Truck, Inc.; Kentucky Farm Bureau Mutual Insurance Co.; ACE American Insurance Co.; and State Farm Mutual Automobile Insurance Co. (DN 1).

Companion also argues that it is proper to include its insureds as plaintiffs in its complaint for Statutory Interpleader because Companion cannot determine the allocation of policy proceeds between the Defendants who have brought claims against Companion's insureds (DN 1). Companion contends (1) that making a payment to one Defendant risks depleting the policy proceeds available to other Defendants; (2) that Companion's insureds, KWA and Grzejdziak, may be exposed to inconsistent findings and judgments; and (3) that the inefficient burden of costs, fees, and expenses for the insureds to defend multiple lawsuits regarding Companion's insurance proceeds supports including KWA and Grzejdziak as plaintiffs (DN 1).

However, Companion's argument to include its insureds as plaintiffs in the interpleader action is weakened because it cites no authority to support their inclusion. The Defendants' contend (DN 12):

> (1) that although Companion's payment of $1,000,000.00 to the court will simplify the distribution of the proceeds, interpleader "does not extend to protect the insureds from claims in excess of that amount" because KWA and Grzejdziak elected to carry an insurance policy which limits their liability coverage to $1,000,000.00 and thus chose to "expose themselves to excess damages they might create through their own negligence;"
>
> (2) that Companion's submission of insurance proceeds to the court "should not protect the insureds from the exposure they created by their own choice [of coverage];"and
>
> (3) that the insureds have not remitted any personal funds to the court registry.

Thus the Defendants argue that the insureds "deserve no protection" under Statutory Interpleader.

Companion requests, pursuant to Statutory Interpleader, (1) that the court determine the allocation of the policy's proceeds among the Defendants; (2) that Companion and its insureds, KWA and Grzejdziak, be discharged "from any and all liability" to all Defendants or other claimants for claims arising out of the collision at issue; and (3) that Companion's attorneys' fees and costs are warranted under Statutory Interpleader (DN 1).[3]

In response, the Defendants' argue (1) that Companion lacks standing to act on behalf of its insureds with regard to Statutory Interpleader; (2) that because Companion's Complaint for Statutory Interpleader is made on behalf of improper parties, Companion is prohibited from asserting KWA and Grzejdziak's rights; and (3) that under *State Farm Fire & Casualty Co v. Tashire,* 386 U.S. 523 (1967), an insurer is prohibited from using an interpleader action to restrain future proceedings against its insureds (DN 21).

**A.**

Here, under 28 U.S.C. § 1335, Statutory Interpleader is appropriate with regard to Companion, but is not appropriate for its insureds. It is undisputed that Companion, as the insurer, meets the requirements for interpleader: (1) Companion's $1,000,000.00 insurance policy is well above the $500.00 statutory minimum; (2) minimum diversity exists between one or more adverse claimants;[4] and (3) Companion deposited $1,000,000.00, its total liability

---

[3] The court will address Companion's additional requests from its complaint for Statutory Interpleader when the court analyzes Companion's motion for a restraining order. The court will address Companion's requests (1) that the court issue direct service of process on Companion's motion for a restraining order; and (2) that the named Defendants be enjoined from instituting or prosecuting further proceedings regarding the collision at issue pursuant to 28 U.S.C. § 2361 (DNs 1 and 4).

[4] Under 28 U.S.C. § 1335, the Defendants meet "minimal diversity" requirements as one or more adverse claimants are residents of different states: (1) Estate of Judith Boden: Kentucky; (2) Kenneth Boden: Kentucky; (3) Douglas and Michelle Huckleby and their minor children, C.H., J.H., and K.H.: Kentucky; (4) Eric Davis: South Carolina; (5) Boden's insurer, State Farm Mutual Automobile Insurance Co.: Illinois corporation; (6) Huckleby's insurer,
(continued...)

insurance obligation, to the court's registry (DN 5). Also, this court has original subject matter jurisdiction for Statutory Interpleader under 28 U.S.C. §§ 1335, 1397, 2361,[5] and venue is appropriate pursuant to 28 U.S.C. § 1397 (DN 1).[6]

While interpleader is appropriate regarding Companion, it is not proper with regard to Companion's insureds. The Supreme Court has held that purpose of the interpleader statute is not to "shape the nature of the ensuing litigation." *Tashire*, 386 U.S. at 534.

> [I]nterpleader allows a party to join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability. This permits the insurance company . . . who has no claim to the money and is willing to release it to the rightful claimant, to put the money . . . in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court.

*Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) *(citing Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993)).

Here, regarding the application of Statutory Interpleader, the court finds the case of *Reliance National Insurance v. Great Lakes Aviation Ltd.*, 12 F. Supp. 2d 854 (C.D. Ill. 1998) instructive. Companion requests that the court discharge Companion and its insureds from any

---

[4](...continued) Kentucky Farm Bureau Mutual Ins. Co.: Kentucky corporation; (7) Davis's employer, USA Truck, Inc.: Arkansas corporation; and (8) USA Truck's insurer, Ace American Insurance Co.: Pennsylvania corporation (DN 1). Thus, multiple Defendants are residents of different states, which satisfies minimal diversity. *See Tashire*, 386 U.S. at 530.

[5] Jurisdiction differs for Statutory Interpleader and Rule 22 interpleader. "Rule interpleader is brought pursuant to Fed. R. Civ. P. 22, while statutory interpleader is brought pursuant to the Federal Interpleader Act, codified at 28 U.S.C. §§ 1335, 1397, 2361. The primary distinction between the two types of interpleader is that unlike the interpleader statute which grants district courts original jurisdiction, [Rule 22] interpleader . . . is merely a procedural device and does not grant this Court subject matter jurisdiction." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1241 (E.D. Ky. 2011) (*citing Sun Life Ins. Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D. Mich.1990)) (*citing Bell & Beckwith v. United States*, 766 F.2d 910, 914 (6th Cir.1985)).

[6] Venue is appropriate because Defendants Douglas and Michelle Huckleby and their minor children, C.H., J.H., and K.H. reside in Larue County, which is in the Louisville Division of the U.S. District Court for the Western District of Kentucky (DN 1). Joint Ky. Loc. Civ. Prac. R. 85.1, LR 3.1.

liability for claims arising out of the collision. However, *Reliance* notes that interpleader was never intended to be an "all-purpose 'bill of peace'." *Id.* at 857 (*citing Tashire*, 386 U.S. at 537). "[I]t would be inappropriate for the scope of the [interpleader] action to be enlarged as to bring within the confines of the action the total litigation between the parties." *Id. (citing Md. Cas. Co. v. Sauter*, 58 F.R.D. 466, 467-68 (N.D. Miss. 1973)).

Another interpleader court noted that the Supreme Court's decision in *Tashire* "limits the use of interpleader to proration of the funds deposited with the Court and does not admit its use as a joinder device to bring trials on liability into a single court and [thus] leaves injured parties free to bring their actions on liability in whatever courts they choose." *Id. (citing Preferred Risk Mut. Ins. Co. v. Greer*, 289 F. Supp. 261, 263 (D.S.C. 1968)). Interpleader should not extend beyond distributing the funds deposited with the court by an insurance company because courts have repeatedly held that "jurisdiction in interpleader can only extend to the fund deposited in court and cannot embrace in personam jurisdiction on issues of liability that go beyond the fund." *Greer*, 289 F. Supp. at 263; *Reliance*, 12 F. Supp. 2d 854.

*Reliance* noted that in the context of a mass tort case, such as the multi-vehicle collision here, "courts must take care to ensure that the scope of the litigation on liability issues does not expand beyond the administration of the interpleader fund itself." 12 F. Supp. 2d at 857-58. Thus, inclusion of Companion's insureds is not appropriate in this action.

Accordingly, pursuant to Statutory Interpleader, 28 U.S.C. § 1335, the court would allocate Companion's policy proceeds only after entitlement to the proceeds, or a share thereof, has been determined. Additionally, Companion's insureds will not be discharged from liability to the Defendants or other claimants for claims arising out of the collision. *Tashire*, 386 U.S. at 534-36; *see Greer*, 289 F. Supp. at 263.

**B.**

The court will decline to grant Companion's motion for a restraining order and service of process under 28 U.S.C. § 2361. Companion requests that the court issue an order restraining any further legal proceedings and enjoin the Defendants' from instituting or prosecuting any claim arising out of the May 14, 2012 collision and any claim involved in the action for interpleader against Companion or its insureds (DN 4).[7]

In support of this argument, Companion contends that a restraining order is warranted because both Companion and its insureds, KWA and Grzejdziak, are unable to determine the equitable allocation of the policy proceeds between the Defendants (DN 4-1). Companion argues on behalf of its insureds (1) that prohibiting future proceedings against its insureds for claims arising from the collision will allow the Defendants and future claimants to determine the allocation of the proceeds in an "orderly, fair, and equitable manner;" and (2) that the claims arising out of the collision at issue will exceed the available insurance proceeds and the insureds' assets (DN 4-1).

Companion also argues that a restraining order is warranted because its insureds allegedly do not have additional liability insurance coverage, excess or otherwise, applicable to the claims arising out of the collision aside from the $1,000,000.00 liability policy through

---

[7] Under 28 U.S.C. § 2361 section 1335:
[A] district court may issue [service of] process for all claimants and enter [an] order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs . . . and shall be served . . . for the respective districts where the claimants reside or may be found. Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.
Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

Companion (DN 4-1). Companion contends that additional claims—from the Defendants or future claimants—would exceed the available $1,000,000.00 under the policy (DN 4-1). Thus, Companion argues that enjoining future proceedings against the insureds under Statutory Interpleader will avoid the types of inconsistencies and conflicts that would allegedly arise if KWA and Grzejdziak were forced to defend multiple lawsuits and claims (DN 4-1).[8]

The Defendants' respond and argue that Companion's justification for interpleader—simplifying the distribution of the insurance proceeds—only extends to Companion's claim for Statutory Interpleader, but is not a justification for a restraining order (DNs 6, 9, 12, 15).

The Supreme Court has held that enjoining claims under interpleader is appropriate where "the fund itself is the target of the claimants," such as where a stakeholder faced with rival claims to the fund acknowledges or denies liability to one or more claimants. *Tashire*, 386 U.S. at 534. In other words, enjoining litigation may be appropriate when "an insurer [is] faced with conflicting but mutually exclusive claims to a policy." *Tashire*, 386 U.S. at n.15. When enjoining litigation is appropriate, it is reasonable that "interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation." *Id.* at 534.

---

[8] Companion cites no authority for the contention that the insureds' lack of excess coverage or possible inconsistencies in future litigation supports a motion for a restraining order to protect its insureds from liability. Kentucky courts recognize that insurers have a duty to defend their insureds, and that the duty to defend is broader than the duty to indemnify. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001); *See James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.,* 814 S.W.2d 273, 280 (Ky. 1991). Accordingly, insurers owe their insureds the duty to defend covered claims and to indemnify the insureds against judgment. *See id*. However, interpleading the policy limits does not excuse the duty to defend, "otherwise, where the damages exceed the policy coverage, the insurer could walk into court, toss the amount of the policy on the table, and blithely inform the insured that the rest was up to him." *See Mt. Hawley Ins. Co. v. FSLIC,* 695 F.Supp. 469, 474 (C.D. Cal. 1987). Thus, Companion has a duty to defend its insureds, but interpleader is not the appropriate method to shield them from additional liability.

However, the Supreme Court recognized that enjoining claims is not appropriate in cases such as this one, where an "insurer is confronted with the problem of allocating a fund among various claimants whose independent claims may exceed the amount of the fund." *Id.* at n.15.

Protecting Companion's insureds through an order to restrain and enjoin the Defendants from proceeding against the insureds would exceed the power granted by Statutory Interpleader. *See id.* "While injunctive relief is available to restrain actions affecting the fund, it is not available to enjoin prosecution of suits outside the bounds of the interpleader proceeding, a proscription which includes suits against the insured." *Mid-Am. Indem. Co. v. McMahan*, 666 F. Supp. 926, 929 (S.D. Miss. 1987) (*citing Tashire*, 386 U.S. 523).

The factual situation in this case is almost identical to that in *Tashire*. Here, an insurance company requests Statutory Interpleader and a motion for a restraining order as the result of a collision where multiple injured Defendants have claims against the insurance proceeds. In *Tashire*, the claims also arose from a multi-vehicle accident, the insurance company requested a restraining order under Statutory Interpleader to require all claims against both the insurance company and its insured be established in a single proceeding, and also requested that the court discharge the insurance company from all future liability. *Tashire*, 386 U.S. at 526.

The Supreme Court in *Tashire* denied the insurance company's motion to enjoin future prosecution against the insured. *Id.* at 553. The Court held that when an insurance company properly invokes Statutory Interpleader, that does not "entitle it to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such prosecution to its insured, the alleged tortfeasor." *Id.* at 533.

> In these circumstances, the mere existence of such a fund [for liability insurance proceeds] cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund . . . There is nothing in

- 10 -

> the statutory scheme, and very little in the judicial and academic commentary upon that scheme, which requires that the tail be allowed to wag the dog in this fashion.

*Id.* at 533-35.

Here, an order to restrain and enjoin the Defendants from proceeding with claims against Companion's insureds is not appropriate because the justification for interpleader—preventing burdensome litigation—only applies to Companion. *See id.* Interpleader will adequately protect Companion from the burden of multiple claims and duplicative litigation. Also, Companion concedes that "the court cannot completely enjoin all claims and counterclaims against [its insureds]." (DN 18). Thus, the court will not grant Companion's motion to restrain and enjoin the Defendants from instituting proceedings against Companion or its insureds.

**II**

The court will grant the Defendants' motion to dismiss Companion's insureds as plaintiffs (DN 13). The Defendants argue that allowing Companion to bring a claim for interpleader on behalf of its insureds would impact the Defendants' ability to pursue claims against Companion's insureds for damages in excess of the insurance policy (DN 13). The Defendants contend that the insureds' total liability has not been determined and that the insureds' liability cannot be limited to the amount of their liability insurance coverage by the Statutory Interpleader action (DN 13). In sum, the Defendants argue that Companion is the only stakeholder of the funds to be distributed and is therefore the only proper plaintiff in the interpleader action (DN 13).

Pursuant to *Tashire*, an insurance company's interest, which is the "fulcrum of the interpleader procedure," is confined to its fund remitted with the court. *Tashire*, 386 U.S. at 535. The insurance company's interest "receives full vindication when the court restrains claimants

from seeking to enforce against the insurance company any judgments obtained against its insured, except in the interpleader proceeding itself." *Id.* Thus, it appears from *Tashire* that the court, upon request and if good cause is shown, can enjoin claimants from seeking to enforce against Companion any judgments obtained against KWA and Grzejdziak.

Also, we will not confine additional lawsuits to this court because such a restraint would exceed the power granted by Statutory Interpleader. *Id.* at 533-34.[9] "While injunctive relief is available to restrain actions affecting the fund, it is not available to enjoin prosecution of suits outside the bounds of the interpleader proceeding, a proscription which includes suits against the insured." *McMahan*, 666 F. Supp. at 929 (*citing Tashire*, 386 U.S. 523).

A separate order will be entered in accordance with this opinion.

December 13, 2012

Charles R. Simpson III, Judge
United States District Court

---

[9] Under *Tashire*, an insurance company's interest in Statutory Interpleader is confined to the amount of its own insurance coverage which it remits to the court's registry. 386 U.S. at 533-34. "To the extent that a District Court seeks "to control claimants' lawsuits against the insured and other alleged tortfeasors, it exceed[s] the powers granted to it by the statutory scheme." *Id.* at 535; *see Sauter*, 344 F. Supp at 436-37; *see Greer*, 289 F. Supp 261.